UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL BIERWIRTH | CIVIL ACTION |
| VERSUS | NO. 24-674 |
| REC MARINE LOGISTICS, LLC, REC BOATS, LLC, AND GOL, LLC | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant REC Marine Logistics, LLC's ("REC Marine") opposed[1] motion for partial summary judgment on plaintiff Daniel Bierwirth's claim of maintenance and cure for his lower back injury.[2] For the following reasons, the Court grants the motion.

### I.    BACKGROUND

This case arises from injuries that plaintiff Daniel Bierwirth allegedly suffered while working for defendant REC Marine.[3] Plaintiff alleges that, while he was assigned to the M/V Leader and employed by REC Marine in June 2023, he attempted to lower the faulty tailgate of a truck owned by defendant, resulting in a torn rotator cuff, which led to neck, shoulder, and back pain.[4] In March 2024, plaintiff filed claims against defendants for

---

[1]    R. Doc. 35.
[2]    R. Doc. 30.
[3]    R. Doc. 1 at 2.
[4]    *Id.*

negligence, unseaworthiness, and maintenance and cure under the Jones Act and general maritime law.[5] REC Marine now moves to dismiss plaintiff's maintenance and cure claim for a lower back injury, asserting a defense under *McCorpen v. Cent. Gulf S. S. Corp.*, 396 F.2d 547 (5th Cir. 1968).[6]

The Court considers the parties' arguments below.

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported

---

5   *Id.* at 3–4.
6   R. Doc. 30-1 at 4.

2

allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party must put forth evidence that would "entitle it to a [judgment as a matter of law] if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991) (internal quotation marks omitted)). If it presents such evidence, "the nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer

3

that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

### III. DISCUSSION

Seamen have a right to maintenance and cure for injuries that they suffer in the course of their service on a vessel, regardless of whether the shipowner was at fault or the vessel was unseaworthy. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41–43 (1943). "Maintenance" is the right of a seaman to food and lodging if he becomes injured during the course of fulfilling his duties to the ship. *See Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 413 (2009). "Cure" is the right to necessary medical services. *Id.* Before a plaintiff can recover maintenance and cure, he bears the burden of proving the following facts: (1) he was working as a seaman, (2) he was injured while in the vessel's service, and (3) he lost wages or incurred expenses stemming from treatment or injury. Thomas J. Schoenbaum, 1 *Admiralty & Mar. Law*, § 6:28 (6th ed.).

Maintenance and cure may be awarded "even where the seaman has suffered from an illness pre-existing his employment." *McCorpen v. Cent. Gulf S. S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968). But as a "general principle," the benefits "will be denied where he knowingly or fraudulently conceals his illness from the shipowner." *Id.*; *see also Bodden v. Prof'l Divers*

4

*of New Orleans Inc.*, 2001 WL 1223589, at *2 (E.D. La. Oct. 12, 2001) (discussing the *McCorpen* defense).  Specifically, if the shipowner requires a prospective seaman to undergo a pre-hiring medical evaluation, and the seaman either intentionally misrepresents or conceals material medical facts, then the seaman is not entitled to an award of maintenance and cure. *See McCorpen*, 396 F.2d at 549.  For a shipowner to establish the *McCorpen* defense to deny a seaman's maintenance and cure claim, the employer must show that: (1) the seaman intentionally misrepresented or concealed medical facts, (2) the misrepresented or concealed facts were material to the employer's hiring decision, and (3) there exists a causal link between the pre-existing disability that was concealed and the disability suffered during the voyage.  *Id.*; *see also Brown v. Parker Offshore Drilling*, 410 F.3d 166, 171 (5th Cir. 2005) (finding the *McCorpen* defense established).

The first element is "essentially objective": whether or not plaintiff intentionally misrepresented or concealed his medical facts or history. *Brown*, 410 F.3d at 174.  To prove this element, defendant points to plaintiff's 2014 pre-employment medical history questionnaire, which he completed when he was initially hired as a vessel captain by JNB Operating, LLC ("JNB").[7]

---

7        *See* R. Doc. 30-2 at 21–22.

In 2014, plaintiff applied to work for JNB and was hired as a vessel captain.[8] In 2016, REC Marine acquired the operations and personnel of JNB, although REC Marine does not specify the form or details of the acquisition.[9] Its operations manager stated in a declaration under penalty of perjury that, after the personnel acquisition, JNB employees could become employees of REC Marine without having to complete another pre-employment survey, and their records of physicals and other personnel records became part of REC Marine's files.[10] The operations manager further stated that REC Marine possessed and considered plaintiff's medical history questionnaire when it decided whether to allow him to continue his employment as a vessel captain with REC Marine.[11]

In plaintiff's 2014 pre-employment questionnaire for JNB, he indicated that he did not have an injured back or neck pain, had not had back surgery or injury, did not have recurrent neck or back pain, and did not have sciatica or nerve pain.[12] But defendant points to evidence that plaintiff did have back injuries, pain, and treatment before 2014. Plaintiff testified that

---

[8] *Id.* at 17.
[9] R. Doc. 30-2 at 18–19.
[10] *Id.*
[11] *Id.* at 19.
[12] R. Doc. 30-2 at 22.

6

he was in a 2005 car accident that injured his lower back, causing sciatica.[13] He saw a pain management doctor for his back pain for two or three years following the accident,[14] and again from 2009 to 2014.[15] Defendant also points to a note in plaintiff's medical records that, in 2006, plaintiff underwent a lumbar MRI that indicated left lumbar disc protrusion at L5-S1 with foraminal narrowing and abutment of the L5 nerve root.[16]

Plaintiff does not contest this evidence and does not argue that he did not intentionally conceal his pre-existing conditions in the 2014 pre-employment questionnaire. Instead, plaintiff argues that he never concealed anything from REC Marine, because he completed the medical questionnaire at issue for JNB. But plaintiff's argument that this mandates a different result fails. In *Meche v. Doucet*, 777 F.3d 237 (5th Cir. 2015), the plaintiff completed a pre-employment questionnaire for and was hired in a company's marine division that was eventually acquired by another company. *Id.* at 245. The successor acquired all of the predecessor's assets and liabilities and re-hired many of its employees, without requiring them to undergo additional medical examinations or complete additional

---

[13]   *Id.* at 5–7.
[14]   *Id.* at 8, 9–10.
[15]   *Id.* at 13, 15.
[16]   *Id.* at 25.

questionnaires. *Id.* Although plaintiff made intentional misrepresentations to the predecessor, and not its successor, the Fifth Circuit held that a misrepresentation to the predecessor is tantamount to a misrepresentation to the successor for the purposes of the *McCorpen* defense. *Id.* at 246. "This is especially true when, as here, the predecessor has recently received an application for employment and conducted a thorough medical examination of the seaman, and the successor relied on the seaman's representations on the application and questionnaire when deciding to retain him." *Id.* The Fifth Circuit made clear that its holding applied "when a company purchases the division and keeps the predecessor's seamen in its employ," not when "a seaman . . . leaves his or her employer for an entirely unrelated company." *Id.*

     This case is similar to *Meche*. Although REC Marine did not submit evidence of an asset sale of JNB's marine division, REC Marine submitted a declaration that it "acquired the personnel" and "operations" of JNB, as well as its personnel files.[17] Here, as in *Meche*, plaintiff's former employer required a pre-employment medical examination and medical history questionnaire. Defendant acquired the former employer's workforce, employment records, and operations, and relied on the former employer's

---

17     *Id.* at 18–19.

prior medical questionnaire when deciding to retain plaintiff. *See id.* at 426. Given these similarities, the Court finds *Meche*'s reasoning applicable here. "[I]t makes little economic or logical sense to require a successor company to reexamine its predecessor's employees solely for the purpose of avoiding maintenance and cure liability for their previously concealed medical conditions," especially when "the predecessor has recently received an application for employment and conducted a thorough medical examination of the seaman, and the successor relied on the seaman's representations on the application and questionnaire when deciding to retain him." *Id.* The Court finds that defendant is entitled to rely on the representations plaintiff made in his 2014 employment application to JNB to invoke the *McCorpen* defense. As REC Marine presents unrebutted evidence that plaintiff concealed his prior lower back injuries on the 2014 questionnaire, it satisfies the intentional concealment element the *McCorpen* defense. *See id.* at 248 (holding that because plaintiff "'knew that the information on the application was not correct,' [he] intentionally concealed his prior injuries as a matter of law" (quoting *Caulfield v. Kathryn Rae Towing*, 1989 WL 121586, at *2 (E.D. La. June 6, 1989)).

  For the second element, defendant again relies on the declaration of its operations manager to establish materiality. He stated that REC Marine

9

considered plaintiff's JNB medical history questionnaire when it decided to allow him to continue his employment with REC Marine, and had plaintiff disclosed his history of back injuries and treatment, REC Marine would have required further medial information and evidence of his capabilities.[18] In *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207 (5th Cir. 2006), the Fifth Circuit held that a seaman's nondisclosure of his medical history is material when the disclosure "would have either prevented his employment, or at least delayed it." *Id.* at 212–13. Defendant presents similar evidence of nondisclosure and potential employment ramifications here.

    Moreover, defendant presents evidence that the questionnaire asked for information relevant to an applicants' ability to perform a vessel captain's job responsibilities. REC Marine's operations manager stated in his declaration that the questionnaire becomes part of the company's assessment of whether the applicant can perform the duties of a vessel captain, which include climbing and descending ladders, bending and crouching, lifting heavy items, keeping footing in various sea conditions on slippery surfaces, and assisting with water survival if necessary.[19] He said that because of the physical nature of a vessel captain's work, the company

---

18    R. Doc. 30-2 at 19–20.
19    R. Doc. 30-2 at 19.

10

sought full disclosure on the question of any lower back injuries.[20]  And, the questionnaire contained specific medical questions relating to an applicant's back issues.  As the Fifth Circuit has held, "The fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis."  *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 175 (5th Cir. 2005).  The Court finds that defendant has put forth sufficient evidence to satisfy the materiality element.

      Plaintiff's arguments against the materiality element are without merit.  He first argues that defendant's Health, Safety, and Environment manager testified at a deposition that plaintiff's main job was to "navigate the vessel safely."[21]  The cited page of the deposition does not support this assertion.  The manager stated that part of plaintiff's job requirements were to bring equipment and supplies to the vessel on the company pickup truck and, from time to time, unload the supplies and equipment from the trick and load them onto the vessel.[22]  This is consistent with defendant's description of the job requirements.

---

[20]    *Id.*
[21]    R. Doc. 35 at 9.
[22]    R. Doc. 35-2 at 11.

11

Additionally, plaintiff argues against the materiality element by contending that he was always able to perform his job and that defendant never had any reason to question his capabilities.[23] But that is not the inquiry. Defendant based its hiring decision on the information in the medical questionnaire. That plaintiff performed his job well after that does not change the materiality of the information to the company's decision to hire him. *See Brown*, 410 F.3d at 175 ("[Plaintiff's] counterargument—that he could perform heavy labor tasks for his first few months on the job—is irrelevant: [defendant] based its hiring decision (at least, in part) upon whether applicants had 'Past or Present Back and Neck Trouble,' not whether they could, on the date of their application, complete difficult manual labor tasks."). The Court finds that defendant has established that plaintiff's misrepresentation was material to REC Marine's hiring decision.

For the third element, establishing a causal link between the pre-existing concealed disability and the disability suffered, defendant must show a "causal link between the pre-existing disability that was concealed, and the disability incurred during the voyage." *Brown*, 410 F.3d at 176. The Fifth Circuit finds a causal link when the injuries at issue involve the same body part. *See id.* In *Brown v. Parker Drilling Offshore Corp.*, the Fifth

---

[23] R. Doc. 35 at 7–8.

12

Circuit found there to be a sufficient causal link when the plaintiff's "prior back strains were to the same lumbar-spine region as his current back problem." *Id.* at 176. In doing so, the Fifth Circuit held that the defendant "need not prove that the prior injuries are the sole cause[]" of plaintiff's current condition. *Id.*; *see also Jauch*, 470 F.3d at 212–13 (finding requisite connection when new back injury was "virtually identical" to previous back injury). Following *Brown*, courts in the Fifth Circuit will therefore find that "the new injury is related to the old injury, irrespective of their root causes," when "the old injury and the new injury affected the same body part." *Johnson v. Cenac Towing, Inc.*, 599 F. Supp.2d 721, 728–29 (E.D. La. 2009) (surveying the application of the causality requirement in the Fifth Circuit); *see also Boatright v. Raymond Dugat Co., L.C.*, 2009 WL 138464, at *4 (S.D. Tex. 2009) (finding requisite connection when plaintiff's "prior and current injuries [were] both to his right hip"); *Bergeron v. B & J Martin, Inc.*, 2005 WL 3542898, at *4 (E.D. La. 2005) (finding requisite connection when plaintiff experienced the "same breathing difficulties" before employment and aboard the vessel).

    To prove that the injury affected the same body part, defendant points to evidence of plaintiff's current treating physician's diagnosis and treatment plan. His physician diagnosed plaintiff with spondylosis with radiculopathy,

13

lumbosacral region; spondylosis, lumbar region; and disc disorder of lumbar region.[24] Similar to plaintiff's prior injury, these diagnoses relate to the plaintiff's lower back. Further, plaintiff recently underwent treatment to his lower back, including a radio frequency ablation at levels L2, L3, L4, and L5, and a transforaminal epidural steroid injection in L5-S1.[25] Plaintiff points to no evidence challenging the causal link. Considering that plaintiff's prior injury also affected his lower back,[26] the Court finds that defendant has established that it is entitled to summary judgment on the third element of the *McCorpen* test.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for partial summary judgment and DISMISSES plaintiff's claims for maintenance and cure for lower back pain against REC Marine WITH PREJUDICE.

New Orleans, Louisiana, this __25th__ day of March, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24]  R. Doc. 30-2 at 25.
[25]  *Id.*
[26]  *See supra* notes 13–15 and accompanying text.